**ASSOCIATED MILK PRODUCERS, INC., Plaintiff,**

v.

**David L. PARR, Defendant.**

**No. LR–74–C–325.**

United States District Court, E. D. Arkansas, W. D.

Feb. 1, 1979.

W. Dent Gitchel, Little Rock, Ark., for plaintiff.

Robert V. Light, Little Rock, Ark., for defendant.

## MEMORANDUM OPINION

RICHARD SHEPPARD ARNOLD, District Judge.

This case was tried to a jury on January 22, 23, 24, 25, 26, 29, and 30, 1979, and the jury returned its verdict on January 30, 1979. The jury found for the defendant David L. Parr on the claim asserted in the plaintiff AMPI's complaint. It found for AMPI on the counterclaims of David L. Parr for breach of contract and defamation. The counterclaim for indemnity was withdrawn from the jury by agreement of the parties and submitted to the Court for its decision.

In this counterclaim Parr seeks recovery for the following items: $12,500 in criminal fines paid by him, $36,620.60 in legal fees and expenses incurred in connection with various criminal and other proceedings, and an award of reasonable fees and expenses for his attorneys in this suit subsequent to July 17, 1975. The parties agree that the defendant is entitled to indemnity for fees and expenses incurred in the defense of a civil action styled *Van Huss v. Committee to Re-elect the President, Parr, et al.*, No. CA–7–74–51, N.D.Tex. The amount involved there is $7,592.65. The rest of the claim for indemnity is in dispute.

The claim for indemnity is based on Sec. 10 of the By-Laws of the plaintiff corporation. This provision, in effect, is a contract between the corporation and its employees, past and present. Sec. 10 provides as follows:

Sec. 10. Indemnity: The Association shall indemnify any director, officer, employee or other agent and protect him or them free and harmless from any loss for any matters performed for or on behalf of the Association in good faith and in a manner reasonably believed to be in or not opposed to the best interests of the Association. By this Section it is intended to exercise the power granted and adopt the standards and procedures for indemnification set forth in the Kansas

1972 Session Laws, Chapter 52, § 27(a)(b)(c)(d) and (4).

The parties agree that the figure "(4)" is a typographical error for "(e)".

The Court finds as a fact that Mr. Parr believed the political contributions he made with corporate funds to be in the best interests of AMPI, or at the very least not opposed to those interests. The dairy farmers who were members of AMPI had a vital interest in certain actions of the United States Department of Agriculture, principally the setting of a support price for milk, and Mr. Parr reasonably believed that political contributions would further that interest. This belief, it should be added, was shared by the General Manager of AMPI, Harold S. Nelson, by other employees of AMPI, and by at least some members of the Board of Directors. The verdict of the jury in favor of Mr. Parr on the main claim asserted by AMPI indicates the jury's belief, with which the Court agrees, that the Board of Directors of AMPI was aware of the contributions being made by Mr. Parr and acquiesced in them, if it did not approve them expressly.

The analysis does not end at that point, however. It remains to consider whether Mr. Parr acted "in good faith." Everything he did was for the benefit of his employer, or at least so he thought at the time. He did not act for his own selfish interests, and no one claims that he did. But he did deliberately violate the federal criminal law, and the Court holds that such conduct cannot be "in good faith."

It was well known at the time (1968–1971), as it is now, that contributions to campaigns for federal office with corporate funds were unlawful. They have been unlawful since the Corrupt Practices Act was enacted in 1925. That the law was violated many times, that most of these violations were not prosecuted, and that Mr. Parr was punished more severely than most other violators, perhaps more severely than any other violator with the exception of Harold Nelson, all of which this Court finds to be true, cannot alter this conclusion. The conduct was unlawful, and Mr. Parr had no good reason to doubt it. Counsel suggests that 18 U.S.C. § 610, the statute prohibiting corporate contributions (now recodified as 2 U.S.C. § 441b(a), limits criminal liability to the corporation itself, officers, and directors. It is argued that Mr. Parr was only an employee, rather than an officer or director, and that he therefore reasonably believed that he himself was not violating the law. The argument is not persuasive. To begin with, Mr. Parr may well have been an "officer" of AMPI within the meaning of the statute. His official title was Special Counsel to the General Manager, but in fact he was the number two operating official of the corporation. In any case, it would be unlawful for any person to cause or induce a corporation to make a contribution, and it would also be unlawful for any person to conspire to make such a contribution. As a matter of fact, the criminal charges to which Mr. Parr pleaded guilty were charges of conspiracy in violation of 18 U.S.C. § 371, as opposed to charges of the substantive offense itself.

The Court therefore holds that Sec. 10 of the AMPI By-Laws does not authorize any indemnity for legal fees and expenses beyond those incurred in connection with the *Van Huss* case. All of the other criminal, civil, and investigative proceedings involved, including this action, are directly attributable to Mr. Parr's unlawful conduct.

Judgment will be entered in the amount of $7,592.65 in favor of Mr. Parr on his claim for indemnity. This will be a final judgment disposing of all aspects of the case.